**Marcus Julian SIMMONS,
Plaintiff–Appellant,**

v.

**NEW YORK CITY POLICE DEP'T, et al., Defendants–Appellees.**

No. 03–7464.

United States Court of Appeals, Second Circuit.

April 29, 2004.

(Nov. 25, 2002).

Stephen T. Mitchell, New York, NY, for Appellant.

Mordecai Newman, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief; Larry A. Sonnenshein and Jennifer Rossan), New York, NY, for Appellees, of counsel.

Present: NEWMAN, KEARSE, and SOTOMAYOR, Circuit Judges.

Plaintiff-appellant Marcus Simmons appeals from the judgment of the United States District Court for the Eastern District of New York (Gleeson, J.), granting summary judgment to the defendants on Simmons's claim of malicious prosecution, brought pursuant to 42 U.S.C. § 1983. Simmons was arrested for, and charged with, bank robbery on the strength of a confidential informant's statement, a witness's identification of him in a photo array, and three witnesses' identification of him in a line-up. He was subsequently indicted on several counts of robbery by a grand jury. After the charges were dropped, Simmons filed this suit against, *inter alia,* two police officers and the City of New York, principally alleging that he was arrested and prosecuted without probable cause, and that the arresting officer fabricated evidence against him. On appeal, Simmons challenges only the dismissal of his malicious prosecution claim.

To prevail on a malicious prosecution claim, a plaintiff must establish that "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, (4) the matter terminated in plaintiff's favor." *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 130 (2d Cir.1997). Thus, if the defendants had probable cause to charge Simmons with bank robbery, his malicious prosecution claim must fail. We have held that a grand jury indictment creates a presumption of the existence of probable cause, which the plaintiff may rebut only by showing that the indictment was procured by "fraud, perjury, the sup-

pression of evidence," or other bad faith conduct. *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir.2003) (internal quotation marks omitted).

Simmons has failed to proffer sufficient evidence to rebut the presumption of probable cause that arises from his indictment. Simmons alleges that the police fabricated the line-up identifications and issued a false criminal complaint against him, and that the district attorney made false statements to the court at his bail hearing. He has presented no evidence, however, establishing that the indictment was procured through the use of this allegedly tainted evidence. *See Savino v. City of New York*, 331 F.3d 63, 73 (2d Cir.2003) (holding that "conjecture and surmise" that indictment was tainted are insufficient to rebut presumption of probable cause) (internal quotation marks omitted). Although Simmons testified that the arresting officer addressed him using racial epithets and told him that the officers would falsify evidence and manipulate line-ups in order to implicate him, this allegation is not, without more, sufficient to raise an inference that the indictment was procured by fraud or bad faith conduct. *See id.* (noting that plaintiff bears the burden of rebutting the presumption of probable cause, and requiring plaintiff to submit sufficient evidence for a reasonable jury to find that the indictment was procured through misconduct). Moreover, probable cause is an objective matter that does not depend on the subjective biases of the arresting officer. *See Whren v. United States*, 517 U.S. 806, 812–13, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Simmons has therefore failed to rebut the presumption of probable cause created by his indictment, and the district court correctly granted summary judgment on his malicious prosecution claim. To whatever extent Simmons is challenging the lawfulness of his pre-indictment arrest, probable cause was established by the pre-arrest identification by a confidential informant and a bank teller, and the arrest was pursuant to a valid warrant for a separate charge.

We have considered Simmons's other contentions on appeal, and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.